IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lawrence Burfitt,

    Plaintiff,

    v.

Warden Harold May, *et al.*

    Defendants.

Case No. 3:22-cv-00618

Judge James G. Carr
Magistrate Judge Darrell Clay

**Order**

    This is a *pro se* prisoner civil rights case in which the plaintiff, Laurence Burfitt, an inmate at the Toledo Correctional Institution (ToCI) has sued its former Warden, Harold May.[1] (Doc. 1). Plaintiff alleges that defendant May and others[2] have retaliated against him for filing lawsuits against personnel of other Ohio penal institutions.

    Pending, among several other motions, is defendants' motion to dismiss. (Doc. 11). In part, defendants seek dismissal on the basis that the plaintiff failed to exhaust his administrative remedies before filing his complaint. (*Id.*, pgID 98). Plaintiff has filed an "objection" (*i.e.*, opposition) to the motion to dismiss. (Doc. 16). In that pleading, plaintiff does not respond to the motion's principal argument, namely, failure to exhaust administrative remedies. Defendants have filed a reply. (Doc. 17).

---

[1] Harold May is the former Warden at ToCI. Warden May is now at Marion Correctional. Kimberly Henderson became the Warden at ToCI in October 2022.

[2] The complaint's caption references "Warden May, et al." as defendants. Though none are specifically listed or specified as defendants in the case caption, the complaint references other ToCI personnel throughout the body. Therefore, the court is treating these individuals – Deputy Warden Walters, Unit Manager Pettiway, and CO Cox – as party defendants.

1

On review of the complaint, it does appear that plaintiff generally asserts that he exhausted his administrative remedies. (Doc. 1, pgID 33). While the assertion is unsupported and conclusory, Plaintiff did more than required.

Failure to exhaust under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, "is an affirmative defense (not a jurisdictional requirement) that the defendant[] ha[s] the burden to plead and prove by a preponderance of the evidence." *Lamb v. Kendrick*, 52 F.4th 286, 292 (6th Cir. 2022) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). It is not plaintiff's job to raise this, and, contrary to defendants' assertion, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones, supra*, 549 U.S. at 216.

Therefore, I decline to apply the Rule 8 pleadings standard set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to the exhaustion allegations in the complaint. However, because the exhaustion issue may be case-dispositive, I deny, without prejudice, the motion to dismiss and grant - *sua sponte* – leave to defendants to file a motion for summary judgment on the issue of exhaustion.[3]

Summary judgment is the appropriate mechanism here as it is a defendants' affirmative burden to *prove*, not merely plead, that plaintiff failed to exhaust administrative remedies. *Does 8–10 v. Snyder*, 945 F.3d 951, 961 (6th Cir. 2019). "A district court should grant summary

---

[3] I am aware that defendants have raised other bases for dismissal in the motion to dismiss, including Eleventh Amendment immunity (Doc. 11, pgID 100), qualified immunity (*id.*, pgID 109), and failure to state a claim on which relief could be granted (*id.*, pgID 107). But because exhaustion is a threshold issue that may moot the other legal issues raised, I will resolve exhaustion first. *See Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010) ("[E]xhaustion [is a] rule of judicial administration controlling access to the courts, akin to doctrines like abstention, finality, and ripeness . . . that govern the timing of federal-court decision making.") (internal citation and quotation marks omitted).

judgment only if a defendant establishes that there is no genuine dispute of material fact that the plaintiff failed to exhaust." *Id.*

Should an issue of fact remain after the parties' briefing, it will be for me to resolve through an evidentiary hearing; it is not to be left for the jury. *Lee v. Willey,* 789 F.3d 673, 678 (6th Cir. 2015) ("[T]he disputed issues of fact regarding exhaustion under the PLRA presented a matter of judicial administration that could be decided in a bench trial."); *see also Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) ("The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate."). "Juries decide cases, not issues of judicial traffic control." *Lee,* s*upra*, 789 F.3d at 678 (quoting *Pavey, supra*, 544 F.3d at 741).

Relatedly, plaintiff asserts that his legal documents have been seized. (Doc. 1, pgID 8). If that remains the case, counsel for defendants shall ensure any documents relating to plaintiff's efforts to exhaust his remedies be returned to him. Counsel shall also provide plaintiff with references to any institutional records as to his efforts to exhaust his remedies within the institution.

Given the uncertainty as to whether plaintiff has exhausted his administrative remedies in whole or part, I am denying, without prejudice, all other pending motions. In addition, further proceedings will be stayed pending resolution of the exhaustion issue.

It is, accordingly hereby

ORDERED THAT:

1. Defendants' motion to dismiss (Doc. 11), be, and the same hereby is denied without prejudice;

2. Leave be, and the same hereby is granted, to defendants to file a motion for summary judgment within forty-five (45) days of the filing of this order, specifically on the affirmative defense of failure to exhaust administrative remedies;

    a. Plaintiff's response/opposition is due sixty (60) days after service of the motion for -summary judgment;

    b. Defendants' reply is due thirty (30) days after service of plaintiff's response brief;

3. Within fourteen (14) days of the date of this order, counsel for defendants shall provide plaintiff his own documents and any institutionally possessed documents and records relating to plaintiff's exhaustion of administrative remedies;

4. Pending adjudication of the motion for summary judgment or further court order, all other proceedings are stayed, and petitioner shall not file any pleadings, except those directly related to the exhaustion issue; and

5. All other pending motions (Docs. 6, 13, 14) be, and the same hereby are denied, without prejudice to refile – upon court authorization – and as may be appropriate following adjudication of the issue of exhaustion.

So ordered.

James G. Carr
Sr. U.S. District Judge