IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lawrence Burfitt,                   Case No. 3:22-cv-00618

    Plaintiff

v.                                     **ORDER**

Warden May et al.,

    Defendants

This is a *pro se* prisoner civil rights case arising under 42 U.S.C. § 1983. Plaintiff, Lawrence Burfitt, has sued various officers and officials at the Toledo Correctional Institution ("ToCI"). He asserts claims for retaliation and excessive force.

Pending is the Defendants' First Motion for Summary Judgment, which addresses only the issue of Plaintiff's purported failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C § 1997e (a). (Doc. 20).

Plaintiff has filed an Opposition (Doc. 21), and Defendants have filed a Reply (Doc. 22).

For the reasons that follow, I grant the Defendants' Motion.

### Factual Background and Procedural History

On April 18, 2022, Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging civil rights violations during his incarceration at ToCI. (Doc. 1).

On August 4, 2022, Defendants moved to dismiss Plaintiff's complaint for failure to state a claim. (Doc. 11). Defendants made several arguments in support of their Motion – one being that, prior to filing his complaint, Plaintiff failed to exhaust administrative remedies under the PLRA. (*Id.*).

On January 24, 2023, I denied Defendants' Motion to Dismiss without prejudice. (Doc. 18). Plaintiff's Opposition to the Motion to Dismiss was unresponsive to Defendants' argument regarding administrative exhaustion. (Doc. 16). However, I declined to grant Defendants' Motion on that basis because exhaustion "is an administrative defense (not a jurisdictional requirement) that the defendant has the burden to plead and prove by a preponderance of the evidence." (Doc. 18, pgID 149) (cleaned up) (quoting *Lamb v. Kendrick*, 52 F. 4th 286, 292 (6th Cir. 2022).

That being so, I granted Defendants leave to file a Motion for Summary Judgment specifically on the affirmative defense of failure to exhaust administrative remedies. (*Id.*, pgID 150-51).

Defendants did so on March 10, 2023. In support of their Motion, Defendants attached the grievances Plaintiff has made as exhibits.

On July 11, 2021, Plaintiff filed a grievance alleging that certain, unspecified "legal documents" were "destroyed in water" due to Warden May's "disdain" for Plaintiff's constant filing of lawsuits. (Doc. 20-2, pgID 173). The communication log indicates that a prison administrator closed Plaintiff's grievance because, *contra* Ohio Admin. Code 5120-9-31, he had failed to file first an informal complaint. (*Id.*).

Also on July 11, Plaintiff filed a grievance alleging that Warden May made a "snide remark" to him that he would not get out of his current security level cell block due to the lawsuits he filed. (*Id.*, pgID 174). The communication log indicates that a prison administrator closed Plaintiff's grievance because Plaintiff had not indicated how Warden May "was personally and knowingly" involved in or otherwise approved of "a violation of law, rule, or policy." (*Id.*).

2

Finally, on August 28, 2021, Plaintiff, complained that another inmate was throwing human excrement on his cell door. (Doc. 20-2, pgID 177). The grievance alleges vaguely that someone retaliated against Plaintiff, but it does not state who retaliated against him and for what reason. (*See id.*). Plaintiff identifies none of the Defendants in his grievance. (*Id.*).

Plaintiff attached additional grievances to his Opposition to Defendant's Motion for Summary Judgment. On December 5, 2021, Plaintiff complained that a Unit Manager named "Hernandez" retaliated against Plaintiff by sending him "to the hole because [he had] an active lawsuit." (Doc. 21-1, pgID 187). There is no Defendant in this case with the name Hernandez.

## Discussion

The gravamen of Defendants' Motion is that Plaintiff has failed to satisfy the exhaustion requirement of the PLRA. I agree.

The PLRA requires prisoners to exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). This requirement entails exhaustion of all state administrative remedies. *See White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).

Ohio has a three-step process for resolving inmate complaints. First:

> Within fourteen calendar days of the date of the event giving rise to the complaint, the inmate shall file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint.

Ohio Admin. Code 5120-9-31(J)(1).

Second:

> If the inmate is dissatisfied with the informal complaint response, or the informal complaint process has been waived, the inmate may file a notification of grievance with the inspector of institutional services. All inmate grievances must be filed by the inmate no later than fourteen calendar days from the date of the informal complaint response or waiver of the informal complaint step. The inspector of institutional services may also waive the timeframe for the filing of

the notification of grievance, for good cause.

Ohio Admin. Code 5120-9-31(J)(2).

Third:

> If the inmate is dissatisfied with the disposition of grievance, the inmate may file an appeal with the office of the chief inspector. Only issues presented in an informal complaint or grievance may be raised in a grievance appeal. Grievance appeals shall contain a clear, concise statement explaining the basis for the appeal. The appeal must then be filed to the office of the chief inspector within fourteen calendar days of the date of the disposition of grievance. For good cause the chief inspector or designee(s) may waive such time limits.

Ohio Admin. Code 5120-9-31(J)(3).

When moving for summary judgment, Defendants have the burden of showing an absence of a genuine dispute of material fact regarding Plaintiff's failure to exhaust administrative remedies. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If Defendants can do so, Plaintiff "must set forth specific facts showing that there is a genuine issue for trial." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

Plaintiff has not met this burden. There is no documentation indicating that Plaintiff followed through on the three-step grievance process under Ohio Admin. Code 5120-9-31(J) for his retaliation claim. At various points, Plaintiff failed to meet his burden of administrative exhaustion for his retaliation claim by:

- Skipping the first step of filing an informal complaint pursuant to Ohio Admin. Code 5120-9-31(J)(1) (Doc. 20-2, pgID 173);

- Providing no details regarding how Warden May specifically retaliated against him aside from making one "snide remark" (*Id.*, pgDI 174);

- Identifying neither any prison employees who specifically retaliated against him, nor their motivation for doing so (*Id.*, pgID 177); and

- Alleging retaliation by a prison employee, who is not a Defendant in this case

4

(Doc. 21-1, pgID 187).

Additionally, there is no indication that Plaintiff ever started the grievance process for his allegations regarding excessive force.

Finally, there is no indication that Plaintiff properly followed all three steps for *any* complaint he made regarding retaliation or excessive force.

It is, accordingly, manifestly clear that the Defendants' Motion is well-taken. Plaintiff's Opposition does not rebut the Motion, or even seriously seeks to do so. Instead, he simply offers a mélange of irrelevant and immaterial contentions, rather than cogent argument. (*See generally* Doc. 21). That being so, it would be pointless to review and refute his various claims, assertions, and arguments one-by-one.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT:

1. Defendants' Motion for Summary Judgment (Doc. 20) be, and the same hereby is granted.

2. Plaintiff could not appeal this decision in good faith and should not be allowed to do so without prepayment of the requisite filing fee; and

3. Except for if Plaintiff prepays the requisite filing fee and submits a Notice of Appeal, the Clerk shall not accept any further filings in this case, but shall return them to the Plaintiff.

So ordered

/s/ James G. Carr
James G. Carr
Sr. U.S. District Judge